IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LINDA CONATSER and DANNY CONATSER | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:17-0023 |
| FENTRESS COUNTY, TENNESSEE, et al., | ) ) ) | |
| Defendants. | ) | |

To: The Honorable Waverly D. Crenshaw, Chief District Judge

## **R E P O R T  A N D  R E C O M M E N D A T I O N**

Currently pending is Defendants' motion for attorneys' fees (Docket Entry ("DE") 69), to which Plaintiffs have filed a response. DE 73. In their response, Plaintiffs include an objection to Defendants' bill of costs. *Id.* at 1, 5. This matter has been referred to the undersigned Magistrate Judge for a report and recommendation. DE 75.

For the reasons that follow, I recommend that Defendants' motion be **DENIED**, and that Plaintiffs' objection to Defendants' bill of costs be **OVERRULED**.

### I. RELEVANT FACTS[1]

In October of 2016, Linda Conatser went to a McDonald's in Jamestown, Tennessee to have breakfast. She eventually became involved in a heated discussion with Fentress County Sheriff Charles Cravens. At the behest of Sherriff Cravens, City of Jamestown Police Department officials Jeff Hancock and Ken Hancock came to the McDonald's to intervene.

---

[1] Unless otherwise indicated, the facts are derived from the District Judge's memorandum opinion granting summary judgment to Defendants Jeff Hancock, Ken Hancock, and the City of Jamestown, Tennessee. DE 65.

Sheriff Cravens advised Ken Hancock that Ms. Conatser was acting in an unruly manner, at which point Ken asked Ms. Conatser to get into a Sheriff's Department vehicle. A Fentress County Sheriff's deputy then escorted Ms. Conatser to jail.

Ms. Conatser and her husband, Danny Conatser (collectively referred to as "Plaintiffs"), brought this lawsuit against, among others, the City of Jamestown, Ken Hancock, and Jeff Hancock (collectively referred to as "Defendants"), Sheriff Cravens, and Fentress County pursuant to 42 U.S.C. § 1983 for false arrest and false imprisonment. Plaintiffs ultimately settled their claims against Sheriff Cravens and the other Fentress County officials (DE 49), leaving only their current claims against Defendants. Plaintiff continued to litigate these claims until they were dismissed after the District Judge granted Defendants' motion for summary judgment. DE 66. The pending motion for attorneys' fees was filed shortly thereafter.

**II.    ANALYSIS**

   **a. Motion for Attorneys' Fees**

Filed pursuant to 42 U.S.C. § 1988(b), Defendants' motion seeks $10,330.50 in attorneys' fees based on Plaintiffs' allegedly frivolous prosecution of their claims following settlement with Sheriff Cravens and the other Fentress County officials. DE 70 at 1-2. Defendants claim that two days prior to the scheduled deposition of Gary Shaffer, Plaintiffs' retained expert, Mr. Shaffer advised counsel for Plaintiffs that he believed Ken Hancock and Jeff Hancock "were innocent and did not do anything wrong." *Id*. at 2. Despite this information, counsel for Plaintiffs proceeded with the deposition of Mr. Shaffer on October 27, 2017, during which time Mr. Shaffer opined that none of the Defendants remaining in this lawsuit were liable for any wrongdoing, as indicated from the following exchanges:

> Counsel for Defendants:    [D]o you have any criticism of Jeff Hancock or Ken Hancock?

| | |
|---|---|
| Mr. Shaffer: | No, sir, I don't. |
| ... | |
| Counsel for Defendants: | In your review ..., did you see anything that Ken Hancock or Jeff Hancock or the City of Jamestown or any of their employees did incorrect? |
| Mr. Shaffer: | No, sir. |
| ... | |
| Counsel for Defendants: | When you talked to [counsel for Plaintiff] about this case a couple of days ago what did you tell him about where we were on Jeff and Ken Hancock and the City of Jamestown? What did you tell him your opinions were? |
| Mr. Shaffer: | I told him in my opinion that the officers were just in essence transporting Mrs. Conatser and had nothing to do with the original arrest. |
| Counsel for Defendants: | Did they do anything wrong? |
| Mr. Shaffer: | No, sir. |
| Counsel for Defendants: | Did you tell [counsel for Plaintiff] that two days ago? |
| Mr. Shaffer: | Yes, sir. |

DE 69-4 at 36-37, 44. Defendants argue that such testimony from Plaintiffs' own expert obligated Plaintiffs to voluntarily dismiss their claims instead of continuing to pursue a cause of action for false arrest. Defendants request only those attorneys' fees related to the deposition of their expert, Phillip McClain, which was taken after the deposition of Mr. Shaffer and Defendants' successful motion for summary judgement. DE 69-1 at 2-3.

A district court has the authority and discretion to award attorneys' fees to prevailing parties in lawsuits filed pursuant to 42 U.S.C. §§ 1983 and 1985, such as the instant one. 42 U.S.C. § 1988(b). The purpose of this authority is to "ensure effective access to the judicial process" for individuals with civil right complaints; therefore a prevailing plaintiff "should

3

ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal citations and quotations omitted). However, an award to a prevailing defendant is much less certain and requires a finding that the subject plaintiff's cause of action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182-83 (6th Cir. 1985). The court must inquire into the plaintiff's basis for brining or maintaining the lawsuit:

> Awards to prevailing defendants will depend on the factual circumstances of each case. While a showing of bad faith is not required for an award of attorneys fees to a prevailing defendant, such a showing would justify an award of fees. Additionally, courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate ... [H]owever, the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless.

*Id*. at 183 (internal citation omitted). The Sixth Circuit has further observed that an award of attorneys' fees to a prevailing defendant in a civil rights case "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (quoting *Jones v. The Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986)).

Plaintiffs' continued pursuit of claims against the current Defendants does not rise to this level of severity. Defendants rely on this Court's previous decision to grant partial attorneys' fees to defendants who successfully defended a § 1983 claim for failure to train or discipline a teacher who had allegedly abused multiple special needs students. *See Sagan v. Sumner Cty. Bd.*

*of Educ.*, No. 3:09-cv-1003, 2013 WL 1438246 (M.D. Tenn. Apr. 9, 2013) (Wiseman, J.).[2] Defendants emphasize the Court's statement that the claims in *Sagan* had become unreasonable "by the time discovery had concluded and the plaintiffs clearly had reason to know that the minimal evidence of abuse ... did not reasonably support a constitutional violation or any other federal cause of action." *Id*. at *9. This finding, however, was made following the Court's determination that "there was not a shred of evidence in the record" that the teacher in question had abused or injured the subject child, but instead only evidence that the teacher "might possibly have abused other children." *Id*. at *8-9 (internal quotations omitted).

In contrast, there was evidence in the current matter that the Defendant police officials were acting pursuant to a "Mutual Aid Agreement" that ensured cooperation between the Jamestown Police Department and the Fentress County Sheriff's Department, including testimony from Sheriff Cravens that the majority of the Jamestown Police Department officials also worked for the Sherriff's Department on a part-time basis. *See* DE 62-9 at 5-6, 9-10. There was also conflicting evidence as to which department was actually responsible for transporting Ms. Conatser to jail. *Id.* at 11-12; DE 62-11 at 3. Such evidence, though ultimately futile, provided a sufficient basis for Plaintiff to continue pursuing her false arrest claims against Defendants even after Mr. Shaffer's testimony. *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978) (advising district courts to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation").

---

[2] Defendants' brief incorrectly suggests that Judge Thomas A. Wiseman, Jr. categorically "awarded attorney's fees to the Defendants" (DE 70 at 5), yet the subject defendants were denied attorney's fees in one of the several separate claims at issue. *See Sagan*, 2013 WL 1438246 at *2-5.

Defendants also place significant stock in Plaintiffs' prior settlement with the former co-defendants, Sheriff Cravens and other Fentress County officials, as proof that Plaintiffs "had already been fully compensated for their injuries." DE 70 at 7. However, it was not determined as a matter of law that Sheriff Cravens had arrested Ms. Conatser until the District Judge granted Defendants' motion for summary judgment. DE 65 at 5-6. The fact that Defendants prevailed on this motion does not render Plaintiffs' continued litigation frivolous, unreasonable, or without foundation. *See Smythe-Cramer Co.*, 754 F.2d at 183 ("[T]he mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless[.]"). Mr. Shaffer stated during his deposition that he believed Jeff Hancock had "seized" Ms. Conaster during the incident (DE 69-4 at 17),[3] which could have been deemed an arrest for purposes of Plaintiffs' claims. *See Posr v. Doherty*, 944 F.2d 91, 98 (2d Cir. 1991) ("Whether a seizure is an arrest or a merely an investigatory detention, depends on the reasonableness of the level of intrusion under the totality of the circumstances.") (citing *United States v. Martinez,* 808 F.2d 1050, 1053 (5th Cir. 1987)). Such evidence, while meager, convinces the undersigned that the "harsh remedy" of awarding attorneys' fees to Defendants is not warranted. *Michigan Flyer, LLC v. Wayne Cty. Airport Auth.*, 162 F. Supp. 3d 584, 588 (E.D. Mich. 2016), *aff'd*, 860 F.3d 425 (6th Cir. 2017). I therefore recommend that Defendants' motion be denied.

### b. Bill of Costs

The Court next addresses Defendants' claim for costs, which involves a much less onerous burden. Fed. R. Civ. P. 54(d) states that "[u]nless a federal statute, these rules, or a court

---

[3] There appears to be conflicting evidence as to whether Ken or Jeff Hancock escorted Ms. Conatser to the transport vehicle. *See* DE 62-6 at 10-11; DE 62-12 at 3.

order provides otherwise, costs ... should be allowed to the prevailing party." Therefore, the language of Rule 54 "creates a presumption in favor of awarding costs[.]" *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). It is the burden of the non-prevailing party "to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Id.* at 732 (internal citations and quotations omitted). Such circumstances include cases "where taxable expenditures by the prevailing party are unnecessary or unreasonably large," cases where the prevailing party "should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues," cases where the prevailing party's recovery "is so insignificant that the judgment amounts to a victory for the defendant," and cases that are "close and difficult." *Id.* at 730 (internal citations omitted).

After the District Judge granted summary judgment in favor of Defendants and dismissed all appurtenant claims against them (DE 66), Defendants filed a "motion for taxation of costs." DE 68. Defendants then refiled and relabeled their request as a "Bill of Costs" in accordance with Local Rule 54.01(a). DE 71, 72. Two days later, Plaintiffs filed their response in opposition to Defendants' motion for attorneys' fees, which included the following cursory assertion: "Plaintiffs also object to the awarding of any costs to the Defendants and adopt[] and incorporate[] by reference all of the foregoing reasons into that objection." DE 73 at 5. There were no separate objections to Defendants' bill of costs.

Upon instruction from the clerk of court, Defendants again refiled their bill of costs. DE 74. These costs, $3,008.85 in total, were taxed against Plaintiffs 15 days later on October 17, 2018. DE 76. However, on October 20, 2018, the clerk of court revoked the order taxing costs against Plaintiffs in light of the single-sentence objection included in their response to the motion for attorneys' fees. DE 76, 77.

7

After review of the docket and the parties' filings, the undersigned recommends that costs be taxed against Plaintiffs in the amount of $3,008.85, as requested. Despite the clerk's discovery of Plaintiffs' objection, Plaintiffs fail to address any of the factors relevant to a determination as to costs. Even if Plaintiffs' objection were construed as an argument that the current case was "close and difficult," nothing in the record supports such a finding in this context. *Cf. White & White*, 786 F.2d at 732 (holding that the subject case was "close and difficult" because it "consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion"). Plaintiffs' claims against the current Defendants were dismissed following summary judgment after the District Judge determined that no reasonable person could conclude that Defendants had arrested Ms. Conatser. DE 65 at 6. Plaintiffs' mere opposition to the motion for summary judgment does not overcome the presumption in favor of awarding costs to Defendants. *See Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 846 (W.D. Tenn. 2004) ("Just because a matter is contested does not mean that it is 'close and difficult.'"). I therefore find that Defendants are entitled to the amount delineated in their bill of costs.

### III.    CONCLUSION

For the above stated reasons, it is recommended that:

(1)    Defendants' motion for attorneys' fees (DE 69) be DENIED; and

(2)    Costs in the amount of $3,008.85 (DE 74) be TAXED against Plaintiffs.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or

objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b)(2).

Signed By:
J. Gregory Wehrman
United States Magistrate Judge